Gould v. Town of Barnet, No. 75-3-12 Cacv (Teachout, J., October 29, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Caledonia Unit** | **Docket # 75-3-12 Cacv** |

**THOMAS GOULD,**
    **Plaintiff**

**v.**

**TOWN OF BARNET**
    **For RICHARD WOODWARD,**
        **Defendant**

### DECISION
### Motion for Summary Judgment, filed July 5, 2012

This motion calls upon the Court to address and harmonize two separate legislative provisions relating to liability of a municipality on behalf of its workers: the Workers' Compensation Act and 24 V.S.A. § 901(a).

In March of 2006, both Plaintiff Thomas Gould and Richard Woodward were employees of the Town of Barnet. Thomas Gould was seriously injured, allegedly as the result of negligence of co-employee Richard Woodward in operating a backhoe. Mr. Gould has severe permanent injuries, and sought and obtained workers' compensation benefits. He has received $115,215.00 in past medical benefits, $22,835.79 in temporary total disability benefits, $17,304.66 in permanent partial disability benefits, and $2,678.05 in miscellaneous benefits through workers' compensation through the Town. He is also entitled to receive lifetime benefits concerning any future medical expenses related to that work-related injury.

He has now filed this civil suit seeking compensatory damages for the alleged negligence. Pursuant to 24 V.S.A. § 901(a), a municipality, in a tort action against a municipal employee alleged to be negligent in the course of employment, assumes the place of the municipal employee and waives all defenses not available to the municipal employee. Hence, the Plaintiff has filed suit against the Town of Barnet standing in the place of Richard Woodward.

The Town has moved for summary judgment, arguing that as a matter of law, the Workers' Compensation Act has provided the exclusive remedy for employees against their employers since its enactment in 1915, and that this principle of exclusivity trumps the more recently enacted (2003) provisions of 24 V.S.A. § 901(a). It argues that Plaintiff's only remedy against the Town has already been provided in the form of workers' compensation benefits, and is ongoing, and that if the Legislature had intended 24 V.S.A. § 901(a) to constitute an exception to the WCA, it could have made that

explicit, as it has done in the case of other exceptions. It argues that because 24 V.S.A. § 901(a) is silent as to any effect on the WCA, § 901(a) does not constitute an exception to the exclusivity of the workers' compensation remedy.

Plaintiff argues that the WCA has never barred civil suits against co-employees who injure a person covered by workers' compensation, so that Plaintiff has a right to sue Mr. Woodward. He argues that the purpose of § 901(a) was to indemnify municipal workers such as Mr. Woodward who may become liable to others in the course of their work on behalf of the municipality, thus putting the Town in the role of insurer for the benefit of its employees. Thus, he argues that he is not suing the Town in its capacity as employer, but rather is suing Mr. Woodward, and under§ 901(a) the way to do that is to sue the Town, who assumes the place of Mr. Woodward as insurer. He further argues that the Town as insurer (under the liability policy provided through the Vermont League of Cities and Towns) would be able to pursue its right of subrogation, and that § 901(a) would not apply to such a suit.

The Court concludes that the Plaintiff's argument is more persuasive. The effect of the Town's argument would be to deprive a municipal worker of the opportunity to sue a co-employee for negligence, which would reduce the rights of municipal employees compared to non-municipal employees: municipal employees would lose the right to sue co-employees for negligence, while non-municipal employees would have such a right even when the plaintiff receives workers' compensation benefits. The legislative history indicates that the purpose of § 901(a) was to provide negligent municipal employees with insurance, and not to diminish any right of recovery of any injured person.

Moreover, the Town is sufficiently protected in that the suit against it is in its capacity as Mr. Woodward's insurer, in which case it can protect itself through liability insurance in the first instance (which is what it is expected to do for its municipal employees under § 901(a)), and pursue compensation through exercise of its subrogation rights in the second. This is the intended effect of § 901(a) and does not violate the principle of exclusivity of workers' compensation benefits as the only available remedy between an employee and an employer.

**ORDER**

Defendant's Motion for Summary Judgment is *denied*.

Dated at St. Johnsbury this 26th day of October, 2012.

_____
Hon. Mary Miles Teachout
Superior Court Judge

2